UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ERIC HADDOX, an individual, and HEATHER HADDOX, an individual, | |
|---|---|
| Plaintiffs, | Case No. 3:22-cv-00468-LRH-CLB |
| v. | **ORDER** |
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, a Corporation; ACORN CLAIMS LLC, a Limited Liability Company; DOES I through X; and ROE Business A-Z, inclusive, | |
| Defendants. | |

On October 24, 2022, Defendant Acorn Claims LLC ("Acorn") removed this case from the Second Judicial District Court for the State of Nevada where Plaintiffs Eric Haddox and Heather Haddox (collectively "Haddox") filed their complaint. After reviewing the petition for removal for proper jurisdiction, the Court remands this case to state court, *sua sponte*, for lack of subject matter jurisdiction. Furter, the Court denies Acorn's pending Motion to Dismiss as moot.

When a defendant files a petition for removal, the Court must determine whether federal jurisdiction exists, even if no objection to removal is made. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). When doing so, the Court construes the removal and jurisdiction statutes strictly and in favor of remanding to state court. *Lake v. Ohana Mil. Cmtys., LLC*, 14 F.4th 993, 1000 (9th Cir. 2021). If "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In this case, Acorn seeks removal based on the Court's original jurisdiction over diversity of citizenship cases. The Court's jurisdiction over those cases is limited to when there is diversity

of citizenship between the parties, no defendant is a citizen of the state where the action was filed, and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1441(b)(2); 28 U.S.C. § 1332(a).

Here, Acorn established diversity of citizenship between the parties: Haddox is a citizen of Nevada; Acorn, a limited liability company, has members who are citizens of Missouri, Arkansas, and Alabama; and American National Property and Casualty Company is a citizen of Missouri. ECF No. 1 at 4; ECF No. 1-1 at 1–2. Further, the Court finds that no defendant is a citizen of Nevada, the state where the action was filed.

In determining amount in controversy, courts first consider what is "facially apparent" from the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Here, Haddox's state court complaint demands damages "in excess of $15,000" (ECF No. 1-1 at 13) which complies with Nevada state court pleading rules. *See* Nev. R. Civ. P. 8(a)(4) (stating "if the pleader seeks more than $15,000 in monetary damages, the demand for relief may request damages 'in excess of $15,000' without further specification of the amount."). From the language of Haddox's Prayer for Relief, the total amount of damages "facially apparent" from the complaint is unclear. When the amount of damages is unclear from plaintiff's state court complaint, the defendant has the burden of proving "by a preponderance of the evidence," that the required amount in controversy is met. *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To satisfy this burden, the defendant "must set forth [ . . . ] underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum." *Muniz v. Pilot Travel Centers LLC*, Case No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007). Here, Acorn sets forth no facts supporting its assertion that the amount in controversy exceeds $75,000. Without alleging any supporting facts, the Court finds that Acorn has failed to demonstrate, by a preponderance of the evidence, that 28 U.S.C. § 1332(a)'s amount in controversy requirement is satisfied.

///

Based on Acorn's petition for removal, and Haddox's underlying complaint, the Court is left with the firm conviction that it does not have subject matter jurisdiction over this case. Accordingly, the Court remands the case to state court because the amount in controversy requirement has not been satisfied.

IT IS THEREFORE ORDERED that this case is remanded to state court due to the Court's lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Acorn's pending Motion to Dismiss (ECF No. 6) is DENIED as moot. The Clerk of the Court shall close this case.

IT IS SO ORDERED.

DATED this 8th day of November, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE